IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Jack GOLDBERG, attorney at law.

Supreme Court

*No. 81–942–D. Filed May 18, 1981.*
(Also reported in 305 N.W.2d 702.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license to practice law revoked.*

On May 11, 1981, the Board of Attorneys Professional Responsibility filed with the court its report pursuant to SCR 21.10 (1) recommending that the license of Jack Goldberg to practice law in Wisconsin be revoked. According to the report, on August 6, 1980, a complaint was filed with the Board alleging certain improprieties in Goldberg's handling of an estate. During its investigation of the matter, the Board learned of Goldberg's conversion of the estate's assets to his own personal use.

Incorporated in the report is a copy of a stipulation entered into on March 3, 1980, by the Board and Goldberg which sets forth the fact that Goldberg, an attorney licensed to practice law in Wisconsin since 1938, and who practices in Milwaukee, was appointed personal representative and was employed as attorney in the estate of Zimmer in June of 1978. Goldberg took possession of the assets of the estate, consisting principally of stocks, bonds and savings account certificates of deposit, liquidated them and converted the moneys to his own personal use. Goldberg stipulated, without admitting any civil or criminal liability, that his actions constitute "serious professional misconduct, that he has no justifiable defense for them, and that disciplinary action consisting of the surrender of his license to practice law is warranted." He also agreed to surrender his license to practice law effective March 15, 1981, without the necessity of an investigatory or other hearing.

The report of the Board also contains a copy of an agreement entered into on December 11, 1980, by Goldberg and the decedent's spouse, who succeeded Goldberg as the personal representative of the estate, whereby Goldberg undertook to pay approximately $118,000 to the estate in three installments, the last of which is due on or before May 25, 1981.

On the basis of the Board's report we find that the respondent, by converting to his own personal use the

assets of the estate in which he was both personal representative and attorney, engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4). We deem the March 3, 1980 stipulation to be a petition for the revocation of the respondent's license under SCR 21.10(1) and hereby grant the petition.

It is ordered that the license of Jack Goldberg to practice law in Wisconsin is revoked effective the date of this order.